GIBBONS P.C.
Loren Gesinsky (LG-7307)
One Pennsylvania Plaza, 37th Floor
New York, New York 10119
(212) 613-2000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBEN NIDZON,<br><br>    Plaintiff,<br><br>vs.<br><br>KONICA MINOLTA BUSINESS<br>SOLUTIONS USA, INC.<br><br>    Defendant. | 07-CV-3724(PAC) (AJP)<br><br>*Electronically Filed*<br><br>ANSWER |

Defendant Konica Minolta Business Solutions USA, Inc., by and through its attorneys, Gibbons P.C., answers the Complaint of Plaintiff Ruben Nidzon as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint, except admits that it is incorporated in New York, has its principal place of business in Ramsey, New Jersey, and conducted business at 420 Lexington Avenue in New York, New York at all times since the merger referred to in Paragraph 5 of the Complaint.

3. No response to Paragraph 3 of the Complaint is necessary because Konica Minolta Holdings, Inc. has been dismissed from this action with prejudice.

4. Defendant denies the allegations contained in Paragraph 2 of the Complaint, except admits that: (a) Plaintiff was hired by Minolta Business Systems in

June 1988 as a Field Service Technician based out of the Totowa, New Jersey office; (b) he continued in that position until September 1998 when he left Minolta Business Systems; and (c) in August 1999 he re-joined Minolta Business Systems as a Field Service Color Specialist out of its New York City office.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint, except admits that, in or about April 2004, Defendant made substantial changes in personnel and management in the wake of the prior merger.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint, except admit that Defendant terminated Plaintiff's employment with it on February 17, 2006.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's religious membership.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint, except admits that: (a) on the morning of July 8, 2004, Plaintiff attended a meeting that included color division technicians in the main conference room of Defendant's offices on the 28th floor of 420 Lexington Avenue, New York, New York; (b) approximately 11 employees, including Clyde Siriram, the Branch Service Manager, were present at various points during this meeting; (c) Mr. Siriram reminded the entire group at the meeting about Defendant's policy regarding shaving; and (d) Plaintiff subsequently reported to Human Resources a version of what occurred during this meeting.

#1192713 v1
106942-59616

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's internal emotions and admits that: (a) several weeks after Plaintiff made allegations to Human Resources, he participated in Mr. Siriram's office in a conference call with Donald Warwick, Vice President of Human Resources; and (b) Mr. Warwick addressed Plaintiff's allegations during the conference call.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's internal emotions and motivations and admits that Plaintiff discussed the timing of his annual review and salary evaluation with his Field Service Manager, Steve Blackwell, in or about late 2004.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint, except admit that: (a) Plaintiff did not request vacation weeks for use in March and April of 2005 until at least late February 2005; and (b) Mr. Blackwell informed Plaintiff that this vacation request was denied.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint, except admits that: (a) in or about March 2005, Mr. Blackwell told Plaintiff

that he would need to complete training on certain machines in order to be able to continue servicing them; and (b) Plaintiff subsequently completed formal training on these machines.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint, except admits that: (a) Plaintiff sent an email to the Human Resources Department on March 14, 2005 complaining about the denial of his vacation requests; (b) Human Resources sent a letter in response dated March 18, 2005; and (c) the email and letter speak for themselves regarding their contents.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint, except admits that: (a) Plaintiff replied to the letter dated March 18, 2005 by email of March 25, 2005; and (b) the email speaks for itself regarding its contents.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint, except admits that: (a) Plaintiff received a Final Letter of Warning from Mr. Warwick on April 18, 2005; and (b) the Final Letter of Warning speaks for itself regarding its contents.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint, except admits that the Final Letter of Warning speaks for itself regarding its contents.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint, except admits that: (a) Mr. Blackwell gave Plaintiff a Letter of Concern on December 27, 2005; and (b) this Letter of Concern speaks for itself regarding its contents.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint, except admits that on February 17, 2005 plaintiff was called into Mr. Siriram's office by Mr. Blackwell for a conference call with Mr. Warwick in which Mr. Warwick informed Plaintiff that his employment was being terminated.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, except admits that it did not conduct an exit interview with Plaintiff.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, except admit that Plaintiff did not receive thirty-six (36) weeks of severance pay and nine (9) months COBRA reimbursement.

## FIRST CAUSE OF ACTION

25. Defendant repeats and restates its answers to the allegations contained in Paragraphs 1 through 24 as though fully set forth at length.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## SECOND CAUSE OF ACTION

32. Defendant repeats and restates its answers to the allegations contained in Paragraphs 1 through 31 as though fully set forth at length.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## THIRD CAUSE OF ACTION

38. Defendant repeats and restates its answers to the allegations contained in Paragraphs 1 through 37 as though fully set forth at length.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

#1192713 v1
106942-59616

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

**FOURTH CAUSE OF ACTION**

45. Defendant repeats and restates its answers to the allegations contained in Paragraphs 1 through 44 as though fully set forth at length.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

#1192713 v1
106942-59616

## FIFTH CAUSE OF ACTION

51. Defendant repeats and restates its answers to the allegations contained in Paragraphs 1 through 50 as though fully set forth at length.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

## SIXTH CAUSE OF ACTION

58. Defendant repeats and restates its answers to the allegations contained in Paragraphs 1 through 57 as though fully set forth at length.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

#1192713 v1
106942-59616

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

## SEVENTH CAUSE OF ACTION

64. Defendant repeats and restates its answers to the allegations contained in Paragraphs 1 through 63 as though fully set forth at length.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims for severance pay and COBRA reimbursement are preempted by ERISA, 29 U.S.C. § 1144(a).

## THIRD DEFENSE

Plaintiff does not state a claim for "wages" within the meaning of Article 6, Section 198 of the Labor Law of the State of New York.

## FOURTH DEFENSE

Plaintiff failed to satisfy the statutory prerequisites of § 8-502(a) and § 8-502(c) of the Administrative Code of the City of New York for bringing an action under the Human Rights Law of the City of New York.

## FIFTH DEFENSE

Defendant did not harass, discriminate, or retaliate against Plaintiff.

## SIXTH DEFENSE

Plaintiff fails to state a claim for a hostile work environment.

## SEVENTH DEFENSE

Plaintiff's claims under Title VII regarding conduct prior to August 12, 2005 are barred by the applicable statute of limitations.

## EIGHTH DEFENSE

Defendant at all times exercised the requisite and reasonable care to prevent and correct promptly any unlawful discrimination, harassment, and retaliation, including having a readily accessible and effective policy for reporting and resolving complaints of unlawful discrimination, harassment, and retaliation.

## NINTH DEFENSE

Plaintiff unreasonably failed to avail himself of Defendant's preventive and corrective efforts to avoid any unlawful discrimination, harassment, and retaliation, including Defendant's readily accessible and effective policy for reporting and resolving complaints of unlawful discrimination, harassment, and retaliation.

#1192713 v1
106942-59616

## TENTH DEFENSE

Defendant's actions with regard to Plaintiff were at all times motivated by legitimate business reasons.

## ELEVENTH DEFENSE

Defendants took no tangible, adverse employment action against Plaintiff that was attributable to his religion or opposition to and reporting of allegedly unlawful employment practices.

## TWELFTH DEFENSE

Plaintiff has sustained no damages proximately caused by any conduct of Defendant.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, or his recoverable damages should be reduced, because he failed to mitigate his damages.

## FOURTEENTH DEFENSE

Plaintiff has failed to plead a sufficient basis for the recovery of punitive damages.

WHEREFORE, Defendant prays that judgment be entered dismissing the Complaint with prejudice and awarding to Defendant its attorneys fees, costs, and such other relief as the Court deems equitable and just.

Dated: June 11, 2007

          GIBBONS P.C.
          One Pennsylvania Plaza - 37th Floor
          New York, New York 10119-3701
          (212) 613-2000
          Attorneys for Defendant

          By: _____
             Loren Gesinsky (LG-7307)

#1192713 v1
106942-59616

## CERTIFICATE OF SERVICE

I, Loren Gesinsky, a director with the law firm of Gibbons P.C., attorneys for Defendant, Konica Minolta Business Solutions USA, Inc. in the above-captioned matter, hereby certify that on June 11, 2007, the foregoing Answer was filed with the Clerk of the Court and served in accordance with the United States District Court for the Southern District of New York Rules on Electronic Service upon the following:

> Sheldon Howard Gopstein, Esq.
> 185 Madison Avenue
> New York, NY 10016
> Attorney for Plaintiff,
> Ruben Nidzon

Dated: June 11, 2007

s/ Loren Gesinsky
Loren Gesinksy
