UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| RUBEN NIDZON, | 07-cv-3724 (BSJ) (AJP) |
| Plaintiff, | *Electronically Filed* |
| vs. | |
| KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., | STIPULATION AND CONSENT PROTECTIVE ORDER |
| Defendant. | |

WHEREAS, this Stipulation and Consent Protective Order shall govern the production, inspection, copying and disclosure of documents and information produced by plaintiff Ruben Nidzon, ("Nidzon" or "Plaintiff") and/or by defendant, Konica Minolta Business Solutions U.S.A, Inc. ("KMBS" or "Defendant") to the above-captioned litigation (the "Action");

WHEREAS, Plaintiff and Defendant (collectively, the "Parties") consider certain of the information and documents being sought in discovery to be of a confidential nature;

WHEREAS, the Parties wish to protect against the disclosure and dissemination of confidential and/or proprietary information to unauthorized third parties;

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys for the Parties that the information disclosed and produced by the Parties in accordance with this Protective Order shall be used solely for purposes of this litigation pursuant to the following:

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/07
```

A.  Non-disclosure:

1. Plaintiff and Defendant shall have the right to designate any discovery materials which contain confidential corporate information or confidential employee information "CONFIDENTIAL" or, if justified, "RESTRICTED - FOR COUNSEL'S EYES ONLY."

   (a) Defendant may designate as CONFIDENTIAL or, if justified, RESTRICTED, any document, interrogatory response, testimony and/or other discovery material that contains commercial, proprietary, trade secret, business operations, and/or financial information, as well as personnel, payroll, and/or employment information pertaining to employees and/or former employees of Defendant.

   (b) Plaintiff may designate as CONFIDENTIAL or, if justified, RESTRICTED, any document, interrogatory response, testimony and/or other discovery material that concerns his income taxes and/or medical/psychological records which Plaintiff would, in the absence of this litigation, maintain in confidence.

   (c) Discovery material other than deposition testimony may be designated as CONFIDENTIAL or RESTRICTED by placing or affixing on such material (in such manner as will not interfere with the legibility thereof) a "CONFIDENTIAL" or "RESTRICTED" notice or the equivalent.

2. Documents and/or other discovery materials produced by Plaintiff or Defendant which are designated as CONFIDENTIAL shall not be disclosed to, discussed with, or used by anyone except:

   (a) Attorneys of record for the Parties to this action, including the partners, members, counsel and associates of any law firm appearing in this action on behalf of any party;

   (b) Employees of any law firm appearing in this action, including paralegals and secretaries who are actively engaged in assisting counsel in this litigation;

   (c) Independent experts retained by any party for purposes of assisting the party and/or the party's counsel in the preparation and presentation of the claims or defenses in this case;

    (d)    Any person who has prepared or assisted in the preparation of any particular document produced by the Parties;

    (e)    The author of any such document and/or the person or persons to whom the documents were addressed or delivered;

    (f)    Plaintiff to this action;

    (g)    The officers, directors, managers, and in-house counsel of Defendant, other members of Defendant's legal department, members of the litigation control group of Defendant with respect to this matter, and any other employees of Defendant who may need to be consulted concerning the documents; and

    (h)    Court reporters and deponents if the deponent was the author or recipient of the confidential document; or others present at trial or depositions held in this matter, with the consent of counsel for the designating party or Order of the Court.

3.    Documents and/or other discovery materials produced by Plaintiff or Defendant which are designated as "RESTRICTED - FOR COUNSEL'S EYES ONLY" ("RESTRICTED") shall not be disclosed to, discussed with, or used by anyone except:

    (a)    Attorneys of record for the Parties to this action, including the partners, members, counsel and associates of any law firm appearing in this action;

    (b)    Employees of any law firm appearing in this action, including paralegals and/or secretaries who are actively engaged in assisting counsel in this litigation;

    (c)    In-house counsel of Defendant and other employees and agents of Defendant's legal department;

    (d)    Independent experts retained by any party for purposes of assisting the party and/or the party's counsel in the preparation and presentation of the claims or defenses in this case; and

    (e)    The author of any such document and/or the person or persons to whom the documents were addressed or delivered.

#1220301 v2
106342-59616



4. With the exception of the persons referenced in ¶¶ 2(a), 2(b), 2(f), 2(g) and ¶¶ 3(a), 3(b), and 3(c) above, any person furnished with a copy of any document covered by this Stipulation and Consent Protective Order shall first be given a copy of the Order and must, prior to reviewing any CONFIDENTIAL or RESTRICTED documents or other CONFIDENTIAL or RESTRICTED materials which have been produced pursuant to this Stipulation and Consent Protective Order, sign a written acknowledgment indicating that he/she has read this Stipulation and Consent Protective Order and agrees to be bound by its terms. Plaintiff and Defendant shall maintain any such written acknowledgments, along with a complete list of any persons who have been shown, reviewed or received CONFIDENTIAL or RESTRICTED documents or other CONFIDENTIAL or RESTRICTED materials. The list shall be made available for inspection in the event that inspection is so ordered by the Court.

5. Each person to whom disclosure of documents and/or discovery materials produced by Plaintiff or Defendant is made pursuant to the terms of this Stipulation and Consent Protective Order shall receive a copy of this Order and subject him/herself to the jurisdiction of this Court for the purpose of contempt proceedings in the event of any violation of this Stipulation and Consent Protective Order.

6. No designation as CONFIDENTIAL and/or RESTRICTED shall be made unless counsel for the designating party believes in good faith that the material in fact deserves such designation within the meaning of paragraph 1(a) or 1(b). Material designated as CONFIDENTIAL and/or RESTRICTED shall be treated as such unless the Court orders otherwise.

B. <u>Dispute Regarding Designation:</u>

If any party objects to the designation of a document as CONFIDENTIAL and/or RESTRICTED, such party shall advise the designating party in writing of the objection. Within ten (10) business days after receipt of such objection, the party who designated a document as CONFIDENTIAL or RESTRICTED will set forth in writing the basis for the designation. If the objecting party continues to dispute the designation, the objecting party shall bear the burden of applying to the Court for the entry of an appropriate Order within ten (10) business days of receipt of the letter setting forth the basis for the designation. Notwithstanding the above, the Parties reserve the right to seek a Court Ruling on any CONFIDENTIAL and/or RESTRICTED designation more quickly if prejudice would otherwise result due to the nearness of other scheduled litigation events. All documents designated CONFIDENTIAL and/or RESTRICTED shall remain so designated until they are declassified by consent of counsel or by Order of the Court.

C. <u>Inadvertent Disclosure:</u>

The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL and/or RESTRICTED material, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. In the event that CONFIDENTIAL or RESTRICTED material is inadvertently or unintentionally produced without being so designated, the producing party has the right to so designate that material when it becomes aware of the inadvertent or unintentional disclosure.

D.  Return of Documents:

Upon completion of this litigation, the CONFIDENTIAL and/or RESTRICTED documents and other CONFIDENTIAL and/or RESTRICTED materials produced by the Parties and all copies, extracts and summaries thereof shall be returned to the attorneys for the party that produced the CONFIDENTIAL and/or RESTRICTED documents or materials or, in the alternative, the documentation shall be destroyed after the file has been maintained for a period of seven (7) years. The CONFIDENTIAL and/or RESTRICTED documents and/or materials shall retain their status as CONFIDENTIAL and/or RESTRICTED after the conclusion of this case, and will be treated in accordance with paragraphs A(2), A(3) and A(4) above, until they are returned to the attorneys for the party that produced them or until they are destroyed.

No CONFIDENTIAL and/or RESTRICTED material may be used in any other judicial or other proceeding or for any other purpose unless required by law.

E.  Documents Filed With The Court:

1.  All CONFIDENTIAL or RESTRICTED portions of documents and/or discovery materials that are filed by any party with the Court shall be filed in a sealed envelope bearing the caption of this action and containing the following notice: "Confidential, Sealed by Stipulation and Consent Protective Order." These documents and/or discovery materials shall only be made available for inspection by the Court or other appropriate persons pursuant to the terms of this Consent Protective Order.

2.  Oral argument on any motion, in which reference is anticipated to be made to CONFIDENTIAL or RESTRICTED discovery materials, shall be scheduled with the intent of minimizing disclosure to the extent possible; but no counsel for any

party shall be deemed in violation of this Stipulation and Consent Protective Order for disclosure of any CONFIDENTIAL or RESTRICTED discovery materials during oral argument.

F.  Depositions:

Any deposition exhibits which have been marked CONFIDENTIAL or RESTRICTED shall be treated as CONFIDENTIAL or RESTRICTED documents under the terms of this Order. To the extent that any party believes that any deposition testimony or depositions exhibits relate to information that is CONFIDENTIAL or RESTRICTED, within the terms of this Stipulation and Consent Protective Order, counsel shall make every effort to so advise at the time of the deposition.

All deposition transcripts and exhibits from depositions taken in this action shall be deemed CONFIDENTIAL for forty-five (45) days after receipt of a copy of said deposition transcript and exhibits by counsel of record for the party who was deposed. Counsel for the party who was deposed shall, during said forty-five (45) day period, designate by page and line description or exhibit description, those portions of the transcript and exhibits which will be deemed CONFIDENTIAL or RESTRICTED. If no such designation is made within the forty-five (45) day period, the deposition transcript and exhibits shall not be deemed to contain CONFIDENTIAL or RESTRICTED information as those terms are used in this Consent Order. This provision shall not prohibit any party from attending a deposition.

#1220301 v2
106942-59516

G.  Objections To Production of Documents:

No party shall be deemed by the entry of this Stipulation and Consent Protective Order to have waived any objection to the production of any document on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this action.

H.  Amendments to Protective Order:

Nothing in this Stipulation and Consent Protective Order shall be deemed to prevent any party from seeking amendments hereto in order to: (a) restrict the right of access and/or further utilize the documents covered hereunder and/or the information referred to therein, or (b) allow access to persons not included within the terms of this Stipulation and Consent Protective Order.

This Stipulation and Consent Protective Order shall remain in full force and effect until modified, amended, superseded, or terminated by consent of the Parties and Order of this Court and shall survive the termination of the proceedings in this Action.

I. Trial and Open Court:

The issue of disclosure or non-disclosure of CONFIDENTIAL or RESTRICTED documents and/or discovery materials at trial or in open court shall be resolved by further stipulation among and between the parties and/or by further Order of the Court.

J. Documents Produced by Party:

Nothing herein shall be deemed to restrict in any manner the use by the Parties of their own documents or materials.

Nothing herein shall be deemed to bear on the discoverability or admissibility of any documents, records, and/or information.

SO ORDERED:

_____
Hon. Barbara S. Jones
United States District Judge

Sep 6, 2007

The terms and form of this Stipulation and Consent Protective Order are hereby consented to:

LAW OFFICES OF SHELDON H.
GOPSTEIN, ESQ.
Attorneys for Plaintiff
Ruben Nidzon
By: _____
Sheldon H. Gopstein

Dated: August 27, 2007

GIBBONS P.C.
Attorneys for Defendant
Konica Minolta Business Solutions U.S.A., Inc.

By: _____
Loren Gesinsky
Alyehna L. Dragon

Dated: August 31, 2007

9

#1220361 v2
106042-59616